J-S04024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN CRADDOCK | : | |
| | : | |
| Appellant | : | No. 1134 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000370-2018,
CP-51-CR-0000371-2018, CP-51-CR-0000372-2018,
CP-51-CR-0000373-2018, CP-51-CR-0000374-2018,
CP-51-CR-0000375-2018, CP-51-CR-0004039-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN CRADDOCK | : | |
| | : | |
| Appellant | : | No. 1135 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000370-2018,
CP-51-CR-0000371-2018, CP-51-CR-0000372-2018,
CP-51-CR-0000373-2018, CP-51-CR-0000374-2018,
CP-51-CR-0000375-2018, CP-51-CR-0004039-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN CRADDOCK | : | |
| | : | |
| Appellant | : | No. 1136 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000370-2018,
CP-51-CR-0000371-2018, CP-51-CR-0000372-2018,
CP-51-CR-0000373-2018, CP-51-CR-0000374-2018,
CP-51-CR-0000375-2018, CP-51-CR-0004039-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN CRADDOCK | : | |
| | : | |
| Appellant | : | No. 1137 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000370-2018,
CP-51-CR-0000371-2018, CP-51-CR-0000372-2018,
CP-51-CR-0000373-2018, CP-51-CR-0000374-2018,
CP-51-CR-0000375-2018, CP-51-CR-0004039-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN CRADDOCK | : | |
| | : | |
| Appellant | : | No. 1138 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000370-2018,
CP-51-CR-0000371-2018, CP-51-CR-0000372-2018,
CP-51-CR-0000373-2018, CP-51-CR-0000374-2018,
CP-51-CR-0000375-2018, CP-51-CR-004039-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
:
:
DEVIN CRADDOCK :
:
Appellant : No. 1139 EDA 2022

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000370-2018,
CP-51-CR-0000371-2018, CP-51-CR-0000372-2018,
CP-51-CR-0000373-2018, CP-51-CR-0000374-2018,
CP-51-CR-0000375-2018, CP-51-CR-004039-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
v. :
:
:
:
DEVIN CRADDOCK :
:
Appellant : No. 1140 EDA 2022

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000370-2018,
CP-51-CR-0000371-2018, CP-51-CR-0000372-2018,
CP-51-CR-0000373-2018, CP-51-CR-0000374-2018,
CP-51-CR-0000375-2018, CP-51-CR-0004039-2018

BEFORE: MURRAY, J., KING, J., and PELLEGRINI, J.[*]

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

MEMORANDUM BY KING, J.:                                    **FILED MAY 18, 2023**

Appellant, Devin Craddock, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to seven (7) counts each of robbery and possessing instruments of crime ("PIC"), and one (1) count each of involuntary deviate sexual intercourse ("IDSI"), attempted IDSI, and attempted rape.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. In November 2017, Appellant went on a crime spree, committing several armed robberies and a sexual assault over the course of a few days.  Police made an arrest after the victims identified Appellant from photo arrays, and the Commonwealth charged Appellant with multiple offenses at seven (7) different docket numbers.  On October 8, 2021, Appellant entered open guilty pleas to the aforementioned offenses.  Following the entry of the pleas, the court deferred sentencing and ordered a presentence investigation ("PSI") report and mental health evaluation.

On March 11, 2022, the court conducted Appellant's sentencing hearing. After receiving argument from counsel, the court imposed an aggregate sentence of twenty-five (25) to fifty (50) years' imprisonment, followed by three (3) years of probation.  Appellant timely filed a post-sentence motion on March 21, 2022.  In it, Appellant argued that the court violated the

_____

[1] 18 Pa.C.S.A. §§ 3701, 907, 3123, and 901, respectively.

Sentencing Code "as the court seemed to exclusively focus on the gravity of the offense and on [Appellant's] disciplinary infractions while incarcerated pretrial and while in juvenile placement[.]" (Post-Sentence Motion, filed 3/21/22, at 3). Appellant also claimed that the court "considered improper sentencing factors in determining the sentence including unsubstantiated accusations of prior criminal conduct in which formal charges were never brought[.]" (*Id.* at 3-4). Despite Appellant's protestations, the court denied the post-sentence motion on March 22, 2022.

Appellant timely filed separate notices of appeal on April 20, 2022. On April 21, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on May 4, 2022. This Court subsequently consolidated the appeals *sua sponte*.

Appellant now raises two issues for this Court's review:

> Did not the sentencing court violate the requirements of 42 Pa.C.S. § 9721(b) of the Sentencing Code, which states that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of Appellant, as the court seemed to exclusively focus on the gravity of the offense and on Appellant's purported disciplinary infractions while incarcerated pre-trial and during his immediately [preceding] juvenile placements when it imposed an aggregate sentence that was manifestly excessive, but did not focus on the rehabilitative needs of Appellant that were evident in the record from his severe mental health problems, his severe intellectual disabilities, his history of being abused and subject to violence as a child, his lack of maturity having just emerged from years

of Juvenile Court custodial placements, and his serious medical history of multiple weekly or daily seizures, amongst his many shortcomings?

Did not the trial court improperly consider sentencing factors in its decision to construct a lengthy total sentence that included the consideration of contested and unsubstantiated accusations of prior misconduct for which formal charges were never brought or adjudicated?

(Appellant's Brief at 3-4).

Appellant's issues are related, and we address them together. Appellant contends that the sentencing court violated the Sentencing Code when it "focused almost exclusively on the gravity of the offense and on an allegation of a sexual misconduct made while Appellant was in custody at a juvenile placement."[2] (Appellant's Brief at 19). Appellant asserts that the court placed undue emphasis on the misconduct allegation without providing adequate

---

[2] The PSI report described the incident of "sexual misconduct" as follows:

Juvenile Probation records noted that in 2015, a Special Report was received from YDC Loysville staff regarding an incident that occurred at the agency on April 29, 2015. The report stated that on this date, a roommate of [Appellant] made an allegation of inappropriate sexual conduct by [Appellant] in the Allegheny Cottage. It was reported that [Appellant] approached his roommate's bed while masturbating and ejaculated on his bed linens as well as his head. An internal investigation ensued at which time [Appellant] denied the allegations. Pennsylvania State Police were contacted following a request to press charges from the alleged victim. … [H]owever, the District Attorney's Office pursued no charges.

(PSI Report, dated 1/18/22, at 4).

consideration of Appellant's rehabilitative needs. Appellant insists that the court did not give proper weight to his health issues, intellectual disabilities, history of abuse, and lack of maturity following his juvenile placements. Appellant maintains that the court's failure to place proper weight on the relevant sentencing factors resulted in "a lengthy aggregated sentence … that was manifestly excessive despite the fact that the individual sentences were at the low end of the Sentencing Guidelines without application of the deadly weapon enhancement." (*Id.* at 20).

Regarding the court's consideration of the misconduct allegation from Appellant's juvenile placement, Appellant relies on ***Commonwealth v. P.L.S.***, 894 A.2d 120, 131 (Pa.Super. 2006), *appeal denied*, 588 Pa. 780, 906 A.2d 542 (2006), for the proposition that "uncharged criminal conduct may not be used for sentencing purposes when the record is devoid of the necessary evidentiary link between the defendant and the uncharged prior conduct." (*Id.* at 24). While Appellant acknowledges that the PSI report references the incident of sexual misconduct from his juvenile placement, Appellant maintains that the Commonwealth did not bring criminal charges "despite both an internal and an external investigation." (*Id.*) As such, Appellant believes that the court improperly considered this incident at the time of sentencing, and "the distasteful act of a juvenile … should not be the basis for lengthening the sentence of an adult." (*Id.* at 41). Appellant concludes that the court abused its discretion in fashioning his sentence, and

this Court must vacate the judgment of sentence and remand the matter for a new sentencing hearing. We disagree.

As presented, Appellant's claim challenges the discretionary aspects of his sentence.[3] *See Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*), *appeal denied*, 633 Pa. 774, 126 A.3d 1282 (2015) (stating challenge to imposition of consecutive sentences as unduly excessive, together with claim that court failed to consider rehabilitative needs, constitutes challenge to discretionary aspects of sentencing); *Commonwealth v. Shugars*, 895 A.2d 1270 (Pa.Super. 2006) (stating claim that sentence was excessive based on impermissible factors constitutes challenge to discretionary aspects of sentencing). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S. Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved

---

[3] "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his … sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea did not include a negotiated sentence.

at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 1410 [now Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting **Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa.Super. 2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." **Phillips, supra** at 112 (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

- 9 -

process." *Caldwell, supra* at 768. An appellant's "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question." *Id.* at 770. Likewise, a substantial question is raised when an appellant alleges that his sentence is excessive because of the trial court's reliance on impermissible factors. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064-65 (Pa.Super. 2011).

Here, Appellant timely filed his notice of appeal, he preserved his issues in the post-sentence motion, and his appellate brief includes a Rule 2119(f) statement. Appellant's claims also raise substantial questions as to the appropriateness of the sentence imposed. *See Caldwell, supra*; *Allen, supra*. Accordingly, we proceed to address the merits of Appellant's claims.

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa.Super. 2022) (quoting *Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa.Super. 2019)).

> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the

character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

**Commonwealth v. Summers**, 245 A.3d 686, (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 276 A.3d 700 (2022) (quoting **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1075 (Pa.Super. 2019)).

"[L]ong standing precedent … recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Commonwealth v. Brown**, 249 A.3d 1206, 1212 (Pa.Super. 2021) (quoting **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa.Super. 2005)). "We will not disturb consecutive sentences unless the aggregate sentence is 'grossly disparate' to the defendant's conduct, or 'viscerally appear[s] as patently unreasonable.'" **Id.** (quoting **Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 599 (Pa.Super. 2010)). Defendants convicted of multiple offenses are not entitled to a "volume discount" on their aggregate sentence. **See Commonwealth v. Clary**, 226 A.3d 571, 581 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 281 A.3d 302 (2022).

Additionally, the PSI report "shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence." Pa.R.Crim.P. 702(A)(3). "[I]t is well-settled that when the trial court has the benefit of a [PSI] report, it is

presumed that the court was both aware of and appropriately weighed all relevant information contained therein." ***Brown, supra*** at 1212.

Instantly, the court sentenced Appellant, with the benefit of a PSI report, on March 11, 2022. Prior to imposing the sentence, the court provided an on-the-record statement of reasons to support the sentence. Contrary to Appellant's assertions, the court considered Appellant's rehabilitative needs and personal characteristics:

> I have considered a lot of things in this case. It starts with the [PSI] report, mental health, guidelines, sentencing code, arguments of counsel, … the mitigation report, the doctor's report, … as well as the facts and circumstances of these cases; and I don't think anybody disputes that you had a hard life and a hard upbringing. And things have happened to you and certain limitations and everything else.
>
> The issue here, also, is … public safety and the community. These robberies, I don't think people fully understand sometimes how both scary and dangerous gunpoint robbery is without knowing whether somebody is going to shoot you anyway because that is what happens today. People get shot even when they give up their stuff. And the gunpoint robberies are very dangerous and concerning.
>
> But then you have the two sexual assault cases, which take it into another realm of whatever the issues are that you have that would cause you to—these were males who were attacked at gunpoint.
>
> I read through the [PSI] and I read through it a number of times. And what happened in juvenile custody is extremely concerning. Because from what I can see, … there seem to be other cases.
>
> But in any case, you went to a number of places. You were at Wordsworth Academy and then you went to YDC Loysville for almost a year and a half and then Caring People's Alliance, and the last commitment was to YDC Danville.

Loysville and Danville are the most severe security juvenile placement facilities for those who need to really be in those facilities.

And from what I can see here from the report, at Loysville, which is very concerning to me, that there is a report that you approached your roommate's bed while masturbating. You masturbated on his head, and I am referring to Page 4 on the report. And that you admitted to that. There were no charges pursued. This was not in Philadelphia. It was reported to the Loysville staff.

And then I also noticed that in custody—I am just looking here. There were a number of incidents in the county prison. And I … believe there were disciplinary actions and stuff like that. And you did all of these crimes basically a month after you got out of, what was supposed to be, treatment; extensive treatment, I think over three or four years, it seems like, at different facilities.

This is very concerning, because you had the potential and ability to deal with a lot of problems or people who wanted to help you deal with a lot of problems. And yet all of these things occurred.

The mental health exam in this case has you with PTSD, anxiety disorder, *et cetera*. But I don't know what will help you, particularly. And I don't know whether you can move forward. I hope you can, because you will be released at some point.

But I can say this, with all the juvenile treatment and all of everything else that has happened, you still went out and did these things.

(N.T. Sentencing, 3/11/22, at 19-21).

After announcing the sentences for each offense, the court reiterated its hope that Appellant could achieve rehabilitation by utilizing the programs available in the state prison system:

And I want to say something, I would have given you a lot

- 13 -

more, frankly, but for the fact of your age and for the fact that you have served time during COVID; and the fact that I hope you will get the tools never to do this again.

What happened to these victims is not just appalling, it is disgraceful. It is people just walking down the street, gun pulled on them, their stuff taken, which is bad enough; and a couple of people sexually assaulted.

I can't rewind the tape of what happened to you as a juvenile, but I hope you will get the necessary help, treatment, and avail yourself of that in whatever state prison you go to. And when you are classified, it is going to be very important that you tell them what exactly has happened to you, your mental health history, and everything so they can get you the right treatment and get you to the right place.

(***Id.*** at 24). Finally, the court emphasized that Appellant's sentences fell "within a standard range," and the court "gave [Appellant] credit for pleading guilty." (***Id.*** at 26).

On this record, the court did not commit an abuse of discretion. ***See Bankes, supra***. The court's reliance on the PSI report, combined with its on-the-record statements in support of the sentences, demonstrates that it was aware of the relevant sentencing considerations. ***See Summers, supra***. We conclude that the court appropriately weighed those considerations. Moreover, the PSI report detailed the allegation of misconduct from Appellant's juvenile placement. We cannot say that such information constituted an impermissible sentencing factor. ***Compare P.L.S., supra*** (holding relevant case law did not prohibit sentencing court from considering prior uncharged criminal conduct where evidence linking defendant to other

- 14 -

crimes stood unrefuted).[4]  Therefore, Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2023

_____

[4] In his brief, Appellant does not exactly deny his involvement in the misconduct.  Rather, Appellant notes that the "allegation was originally contested, and only later did Appellant make some type of admission to the State Police." (Appellant's Brief at 40).  Appellant also suggests that "we do not know the nature of the interrogation that occurred between the police and" Appellant.  (***Id.***)  Under these circumstances, we disagree with Appellant's conclusion that the record is devoid of the necessary evidentiary link between Appellant and the uncharged conduct.  Moreover, when viewed in context, the court's on-the-record statement in support of Appellant's sentence makes clear that the uncharged conduct was just one of many facts impacting the sentencing decision.

- 15 -